UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02964-RGK-MAA | Date | April 2, 2026 |
|----------|------------------------|------|----------------|
| Title | *Gilbert M. Lagac v. Capital One, N.A. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|------------------------|--------------------------------------------------|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's *Ex Parte* Applications [14, 21]

## I.    INTRODUCTION

On February 2, 2026, Gilbert M. Lagac ("Plaintiff") filed a complaint for damages in Los Angeles Superior Court against Capital One, N.A., Clarity Debt Resolution Inc., Wahib Joseph Al-Mashini, and Zwicker & Associates P.C. ("Defendants"). (Ex. A, ECF No. 1.) On March 19, 2026, Capital One, N.A. removed the action to this Court. (ECF No. 1.)

On March 26, 2026, Plaintiff filed an *Ex Parte* Application to Remand to Los Angeles County Superior Court. (ECF No. 14.) On March 27, 2026, Plaintiff filed another *Ex Parte* Application, this time to stay enforcement of a state court judgment. (ECF No. 21.) For the following reasons, the Court **DENIES** both *ex parte* Applications.

## II.    JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III.    DISCUSSION

### A.    Plaintiff's *Ex Parte* Application for Immediate Remand

Plaintiff fails to establish why his *Ex Parte* Application for Immediate Remand cannot be calendared in the usual manner. He argues that judicial economy will be best served by immediately remanding this case because of a related case set that was set for trial in state court on March 24, 2026. However, Plaintiff did not file his *ex parte* application until two days *after* the date the state court trial purportedly began. Therefore, any urgent reason to now remand the case because of judicial efficiency is

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
|---------------|--------------------------|-------------|

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-02964-RGK-MAA | | Date | April 2, 2026 |
|----------|------------------------|---|------|----------------|
| Title | *Gilbert M. Lagac v. Capital One, N.A. et al.* | | | |

moot. Furthermore, Petitioner articulates no other reason why his Application for Immediate Remand cannot be heard according to the regularly noticed motion procedure. Accordingly, Petitioner's *Ex Parte* Application for Immediate Remand is **DENIED** for failure to meet the *ex parte* standard.

> **B.**    *Ex Parte* **Application for Stay of Enforcement of State Court Judgment**

Plaintiff's next *ex parte* application involves an application to stay enforcement of judgment entered against him in a state court case. The Court finds that Plaintiff has adequately met the *ex parte* standard, as he claims that he will suffer irreparable harm, particularly financial hardship and damage to his credit, if the state court judgment is enforced. This is the type of emergent need that cannot be calendared in the usual manner. Plaintiff also does not seem to be at fault for creating the need for *ex parte* relief.

However, Plaintiff's Application fails on the merits. He seeks this Court to stay enforcement of a judgment entered in a Los Angeles Superior Court Case, *Capital One, N.A. v. Lagac* (No. 25CHLC00215). Pursuant to the Anti-Injunction Act ("AIA"), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. No exception to the AIA appears to be present here. No Act of Congress applies in this situation, this Court has independent jurisdiction that the state court judgment does not interfere with, and there has been no judgment to protect in this case. The AIA therefore bars this Court from staying enforcement of the state court judgment. Thus, the Court **DENIES** Plaintiff's *Ex Parte* Application for Stay of Enforcement of State Court Judgment.

### IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** both of Plaintiff's pending *ex parte* Applications.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    JRE/sh