REGINA M. SLOWEY (235899)
BARRON & NEWBURGER, P.C.
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (248) 621-9739
E-MAIL: rslowey@bn-lawyers.com

Attorneys for Defendant Zwicker & Associates, P.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERT M. LAGAC

              Plaintiff,

     vs.

CAPITAL ONE, N.A., successor by
Merger to DISCOVER BANK;
CLARITY DEBT RESOLUTION, INC.;
WAHIB JOSEPH AL-MASHINI, an
Individual;
ZWICKER & ASSOCIATES P.C.

           Defendants.

Case No. 2:26cv2964

*Judge R. Gary Klausner*
*Magistrate Maria A. Audero*

**MOTION TO DISMISS FIRST
AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 12(b)(6)**

*[Declaration of Regina M. Slowey and
[Proposed] Order lodged concurrently
herewith]*

Date:       June 8, 2026
Time:      9:00 AM
Location:  Courtroom 850, 8th floor
            255 East Temple Street
            Los Angeles, CA 90012

Complaint Filed: 2/2/2026
Trial Date:     TBA

DEFENDANT                       Case No. 2:26cv2964
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

BARRON & NEWBURGER, P.C.

## NOTICE OF MOTION AND MOTION:

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **June 8, 2026 at 9:00 a.m.,** or as soon thereafter as counsel may be heard, Defendant, ZWICKER & ASSOCIATES P.C. by and through its attorney, Regina M. Slowey, pursuant to Fed. R. Civ. Pro. 12(b)(6) hereby moves for an Order to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim.   In support thereof, ZWICKER & ASSOCIATES P.C. submits the Memorandum of Points and Authorities filed herewith.

Pursuant to L.R. 7-3, the parties have met and conferred, as set forth in detail in the accompanying Declaration of Regina M. Slowey.  Pursuant to this conference, the parties have agreed to dismiss the 14th Claim for Legal Malpractice against Defendant Zwicker & Associates.  The parties have not been able to reach a resolution that eliminates the need for hearing the merits of the remaining claims contained within Zwicker's Motion to Dismiss.

Dated:  April 24, 2026

**BARRON & NEWBURGER, P.C.**

By:  /s/ Regina M. Slowey
Regina M. Slowey
Attorneys for Defendant,
Zwicker & Associates, P.C.

DEFENDANT                                                                 Case No.  2:26cv2964
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

BARRON & NEWBURGER, P.C.

**Table of Contents**

INTRODUCTION ..................................................................................................5

LEGAL STANDARD ...........................................................................................7

ARGUMENT.........................................................................................................8

A.  Plaintiff's Underlying Theory is Misplaced.................................................8

B.  Plaintiff's 12th Cause of Action for Fraud on the Court/Abuse of Process Fails.8

C.  Plaintiff's 13th Cause of Action for Violation of the Rosenthal Fair Debt Collection Act Fails.................................................................................9

D.  Plaintiff's 14th Cause of Action for Professional Negligence/Legal Malpractice Fails ...................................................................................................11

1.  Elements of a CA Legal Malpractice Claim .......................................11

2.  No Duty Exists as a Matter of Law.....................................................12

E.  Plaintiff's 15th Cause of action for Violation of California's Unfair Competition Law Fails .......................................................................................14

CONCLUSION....................................................................................................15

DEFENDANT                                        Case No.  2:26cv2964
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

# Index of Authorities

**Cases**

*Aguilar v. Mandarich Law Group, LLP,* 87 Cal. App. 5th 607 (2023) ………………11

*Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1554 (2011) .......................14

*Brinskele v. JPMorgan Chase Bank, N.A.,* 2025 U.S. Dist. LEXIS 253462 (N.D. Cal. Dec. 8, 2025)…………………………………………………………………………..11

*County of Santa Clara v. Astra USA, Inc*., 588 F.3d 1237 (9th Cir. 2009) ..................7

*De Meo v. Cooley LLP*, 115 Cal. App. 5th 17, 337 Cal. Rptr. 3d 478 (2025).............12

*Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988) ..............12

*Fox v. Pollack*, 181 Cal. App. 3d 954, 226 Cal. Rptr. 532 (1986) .............................12

*Gavin v. True*, 2021 Cal. Super. LEXIS 131359 (2021) …………………………….10

*GemCap Lending I, LLC v. Quarles & Brady, LLP*, 2015 U.S. Dist. LEXIS 107477 (C.D. Cal. Aug. 14, 2015) .................................................................................12

*Kwikset Corp. v. Super. Ct.,* 51 Cal. 4th 310, 320 (2011)).........................................14

*Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009)...........................................7

*Wilson v. J.P. Allen Co.*, 57 F. Supp. 3d 1249, 1253 (C.D. Cal. 2014)......................11

**Statutes**

Business and Professions Code section 17200 ("UCL" or §17200").........................11

Cal. Corp. Code § 1107 (Deering, Lexis Advance through Ch. 7 of the 2025-2026 Regular Session, effective as of March 26, 2026)..................................................10

Cal. Civ. Proc. Code § 368.5 (Deering, Lexis Advance through Ch. 7 of the 2025-2026 Regular Session, effective as of March 26, 2026)..................................................10

DEFENDANT
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

Case No.  2:26cv2964

BARRON & NEWBURGER, P.C.

**Court Rules**

Fed. R. Civ. Proc. 12(b)(6) …………………………………………………………..7, 8

BARRON & NEWBURGER, P.C.

-5-

BARRON & NEWBURGER, P.C.

# **INTRODUCTION**

Per the allegations in his First Amended Complaint (ECF No. 19) Plaintiff, entered into a written contract with Clarity Debt Resolution, Inc. ("Clarity") to provide debt settlement services. One of the debts at issue was owed to Discover Bank ("Discover"), which remained unpaid. Discover retained Zwicker & Associates, P.C. ("Zwicker") to recover the debt, and Zwicker filed a collection action in state court on Discover's behalf. Plaintiff subsequently alleged fraud in his dealings with various parties and filed his own action, which was removed to this Court.

Plaintiff's claims against Zwicker arise from its role as Discover's counsel in the litigation of the state court collection case, including its alleged "delay" in amending the pleadings to reflect Capital One as Discover's successor by merger, and from its alleged failure to investigate Plaintiff's claims of fraud and conspiracy involving Discover and Clarity. These allegations are the basis for four counts which Plaintiff attempts against Zwicker. Plaintiff claims fraud on the court (12th cause of action), a violation of the Rosenthal FDCPA (13th cause of action), professional negligence (14th cause of action), and fraudulent business practice (15th cause of action).  Note that the parties have agreed to dismiss the 14th cause, but as of time of filing the dismissal has not been filed and so these arguments remain out of an abundance of caution.

Plaintiff's claims attempt to recast routine, lawful litigation conduct into actionable misconduct against opposing counsel. As applied to Zwicker, they fail as a matter of law. The defects are not matters of the insufficiency of the FAC's pleading

DEFENDANT
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

Case No.  2:26cv2964

detail, but arise from the nature of the relationship alleged and the conduct at issue. Plaintiff seeks to impose duties California law does not recognize and to convert authorized litigation activity into tort and statutory liability.

Several of Plaintiff's claims, including those asserted against Zwicker, have already been substantively addressed in Capital One's Motion to Dismiss (Capital One's MTD, ECF No. 38). To avoid duplication, Zwicker joins in those arguments as applicable. The additional arguments set forth below address the claims as specifically alleged against Zwicker and demonstrate that each fails at the threshold.

Because the deficiencies are legal and not factual, amendment would be futile. The claims against Zwicker should be dismissed with prejudice.

## **LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Fed. R. Civ. Proc. 12(b)(6), the court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff." *County of Santa Clara v. Astra USA, Inc*., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S.*, 497 F.3d 972, 975 (9th Cir. 2007)).

To avoid duplicative briefing, Zwicker adopts and incorporates the legal

-7-

BARRON & NEWBURGER, P.C.

standard set forth in Capital One, N.A.'s Motion to Dismiss (ECF No. 38, PageID 1076), which correctly states the governing Rule 12(b)(6) standard and applies equally to the claims asserted against Zwicker.

## ARGUMENT

### A. Plaintiff's Underlying Theory is Misplaced

Plaintiff's claims against Zwicker are composed of representing Discover, and failing to investigate claims against Plaintiff's contracted debt settlement company. However, from Plaintiff's own account, Plaintiff did not pay Clarity, and the debt remained outstanding. Thus, the debt, which Plaintiff never denied, remained owed at the time the account was placed with Zwicker.

Further, the debt when filed was properly filed in the name of Discover Bank. Plaintiff submits his Answer to the State Court Collection Case as Exhibit K to his FAC, alluded to in his FAC (See FAC, ECF No. 19, Page ID 777) and admits it was submitted in February 2025. This establishes that the collection action was filed prior to February 2025. Also noted in Plaintiff's FAC is May 18, 2025, as the date of merger (*Id*, PageID 779). Thus, Plaintiff's own allegations establish that the collection action - the basis for his claims - was filed prior to the merger, in the proper name of the creditor.

### B. Plaintiff's 12th Cause of Action - Fraud on the Court/Abuse of Process Fails

Plaintiff's 12th cause of action is based entirely on the allegation that Zwicker, as counsel for Discover, continued to prosecute the state court collection case in

-8-

BARRON & NEWBURGER, P.C.

Discover's name despite the merger with Capital One having occurred approximately seven months earlier. (See FAC, ECF No. 19-1, ¶ 16.3, PageID 804–805). Plaintiff alleges no facts that could support the legal theories of fraud on the court or abuse of process asserted against Zwicker.

Plaintiff's 12th cause of action arises from the same underlying conduct as his Rosenthal Act claim - namely, the alleged timing of the amendment to reflect the successor by merger - and fails for the same reasons set forth below in Section C.

This cause of action is also asserted against co-defendant Capital One and has been substantively addressed in Capital One's motion. (Capital One's MTD, ECF No. 38, pp. 21–22, PageID 1085–1086). In the interest of judicial economy and to avoid duplicative briefing, Zwicker joins in, adopts, and incorporates by reference those arguments as they apply here.

### C. Plaintiff's 13th Cause of Action - Violation of the Rosenthal Fair Debt Collection Act Fails

Plaintiff's Thirteenth Cause of Action also centers on allegations that Zwicker "litigated in the name of a non-entity," "concealed the merger," and refused to investigate fraud, thereby allegedly violating the Rosenthal Fair Debt Collection Practices Act.

Plaintiff's theory fails at its core. The conduct alleged—continuing litigation in the name of a pre-merger entity and later amending to reflect the successor—is expressly authorized under California law. It is not misleading, not deceptive, and not unlawful. Because the underlying conduct is legally permitted, it cannot form the basis of a Rosenthal Act violation.

DEFENDANT                                                                    Case No.  2:26cv2964
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

BARRON & NEWBURGER, P.C.

BARRON & NEWBURGER, P.C.

California law is clear that a pending action may continue in the name of the original party following a merger.  California Corp. Code § 1107(d) provides that "[a]ny action or proceeding pending by or against any disappearing corporation may be prosecuted to judgment which shall bind the surviving corporation, or the surviving corporation may be proceeded against or substituted in its place."  Cal. Corp. Code § 1107 (Deering, Lexis Advance through Ch. 7 of the 2025-2026 Regular Session, effective as of March 26, 2026).   Similarly, Cal. Civ. Proc. Code § 368.5 provides:   An action or proceeding does not abate by the transfer of an interest in the action or proceeding or by any other transfer of an interest. The action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.  Cal. Civ. Proc. Code § 368.5 (Deering, Lexis Advance through Ch. 7 of the 2025-2026 Regular Session, effective as of March 26, 2026).

Courts applying these principles have confirmed that the surviving corporation assumes the role of the disappearing entity in pending litigation, whether by substitution or continuation in the original name. *Gavin v. True*, 2021 Cal. Super. LEXIS 131359 (2021).

Under this framework, there is nothing improper or deceptive about litigating in the name of the pre-merger entity. There is likewise no requirement that pleadings be immediately amended upon consummation of a merger. Plaintiff's theory that the timing of such an amendment renders the action "fraudulent" is contrary to settled law.

Because the alleged conduct is authorized, Plaintiff cannot establish that it was false, deceptive, or misleading within the meaning of the Rosenthal Act. Nor can

-10-

Plaintiff allege materiality or injury based on conduct the law expressly permits. This is not a defect of pleading; it is a defect of theory.

Plaintiff's own allegations further foreclose the claim. The collection action was initiated in the name of Discover Bank, a concededly valid entity at the time of filing. The pleadings were later amended - by motion - to reflect the successor by merger, and the trial court considered Plaintiff's arguments. These facts negate any inference of deception.

Plaintiff cannot overcome this legal bar by recasting his allegations as fraud or deception. Even setting that aside, the FAC independently fails to allege facts showing any materially misleading conduct or any resulting injury. See *Aguilar v. Mandarich Law Group, LLP*, 87 Cal. App. 5th 607 (2023) (misidentification of creditor in collection complaint lacked materiality). Conclusory assertions of "fraud" or "concealment" are insufficient, particularly where the conduct at issue is expressly authorized by law. See also *Brinskele v. JPMorgan Chase Bank, N.A.*, 2025 U.S. Dist. LEXIS 253462, at *17 (N.D. Cal. Dec. 8, 2025).

Plaintiff's Rosenthal Act claim is built on the premise that conduct expressly authorized by California law is somehow unlawful. That premise is wrong, cannot be cured by amendment, and the claim fails as a matter of law.

### D. Plaintiff's 14th Cause of action for Professional Negligence/Legal Malpractice Fails

*NOTE TO THE COURT: Plaintiff and Defendant have agreed to dismiss this claim. To the extent the claim is dismissed prior to the Court's ruling, this section may be considered moot.*

### 1. Elements of a CA Legal Malpractice Claim

-11-

BARRON & NEWBURGER, P.C.

BARRON & NEWBURGER, P.C.

State law is applicable to a legal malpractice claim. *Felder v. Casey*, 487 U.S. 131, 151, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). Under California law, a claim for negligence requires: (1) a duty of care, (2) breach, (3) causation, and (4) damages. *Wilson v. J.P. Allen Co.*, 57 F. Supp. 3d 1249, 1253 (C.D. Cal. 2014) (citing *Paz v. California*, 22 Cal. 4th 550 (2000)). In this case, Plaintiff has not pled any of the factors necessary to make a negligence claim against Zwicker, nor can he.

### 2. No Duty Exists as a Matter of Law

As a threshold matter, Zwicker owed Plaintiff no duty of care. Plaintiff was not Zwicker's client. Whether framed as general negligence or legal malpractice, Plaintiff cannot establish the essential first element: duty. "While other elements of a legal malpractice claim are generally factual . . ., the existence of the attorney's duty of care owing to the plaintiff is generally a question of law . . . ." *GemCap Lending I, LLC v. Quarles & Brady, LLP*, No. 2:14-cv-07937-RSWL-E, 2015 U.S. Dist. LEXIS 107477, at *9 (C.D. Cal. Aug. 14, 2015), quoting *Osornio v. Weingarten*, 124 Cal. App. 4th 304, 21 Cal. Rptr. 3d 246, 251 (Ct. App. 2004).

Under California law, an attorney's duty runs to the client, not to an adversary. *Fox v. Pollack*, 181 Cal. App. 3d 954, 961, 226 Cal. Rptr. 532, 536 (1986). An attorney has no duty to protect the interests of an adverse party. *Id.* California does allow limited circumstances in which a non-client may have a claim against an attorney, but that is narrow, and only if the non-client is also an intended beneficiary of the attorney's work: A lawyer has a duty to a nonclient third party only if the

-12-

client's intent to benefit that third party (in the way the third party asserts in their malpractice claim) is "clear," "certain" and "undisputed." *De Meo v. Cooley LLP*, 115 Cal. App. 5th 17, 39, 337 Cal. Rptr. 3d 478, 496 (2025).

Plaintiff's FAC states in Paragraph 18.2: "Zwicker owed LAGAC a duty of care as an opposing party in litigation to avoid engaging in fraudulent, oppressive, or unlawful litigation tactics, and as a debt collector to comply with consumer protection laws." (ECF No. 19-1, Page ID 806).

The relationship alleged in the Complaint is not in dispute: Zwicker acted as counsel for an adverse party in a debt collection matter. That relationship, as a matter of law, does not give rise to a duty owed to Plaintiff.  Nor can Plaintiff allege any recognized exception. He is not an intended third-party beneficiary of Zwicker's work, and no "special relationship" exists that could expand Zwicker's obligations beyond its client.

Litigation conduct, even if alleged to be improper, is not transformed into a malpractice duty owed to an adversary. The duty relevant to a legal malpractice claim arises from the attorney-client relationship, not from generalized obligations governing litigation conduct. *Fox*, supra.

Plaintiff's reliance on alleged statutory or regulatory obligations fares no better. Duties imposed by consumer protection statutes do not create a professional negligence duty running from opposing counsel to an adverse party. At most, such statutes provide

-13-

DEFENDANT                                                    Case No.  2:26cv2964
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

BARRON & NEWBURGER, P.C.

their own causes of action, subject to their own elements and limitations. They do not convert alleged statutory violations into a malpractice claim.

Even accepting the allegations within this claim as true, it does not establish the existence of a duty of care owed by Zwicker to Plaintiff. Without duty, the claim fails as a matter of law.  This is a legal defect, not a pleading defect; it cannot be cured by amendment. The claim should be dismissed with prejudice.

**E. Plaintiff's 15th Cause of action for violation of California's Unfair Competition Law Fails**

Plaintiff attempts to state a claim under Business and Professions Code section 17200 ("UCL" or "§17200"). A plaintiff has standing to bring §17200 claims only where the plaintiff "has suffered injury in fact and has lost money or property" as a result of unfair competition." *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1554 (2011). ("[T]o have standing to bring a §17200 cause of action, a plaintiff must '(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim.'"(emphasis in original), quoting *Kwikset Corp. v. Super. Ct.,* 51 Cal. 4th 310, 320 (2011)).

Plaintiff does not meet this threshold requirement. The FAC does not allege that Plaintiff paid any money to Zwicker or lost money or property as a result of Zwicker's alleged conduct. The absence of any alleged economic injury is fatal to the claim.  See

-14-

BARRON & NEWBURGER, P.C.

*Bower*, 196 Cal. App. 4th at 1555 (affirming order sustaining demurrer to Section 17200 claim where plaintiff failed to plead any injury in fact).

The claim fails for an independent reason. Plaintiff expressly predicates his UCL claim on alleged "unlawful" conduct, namely the purported violation of the Rosenthal Act. Because that claim fails, there is no predicate unlawful conduct to support a UCL claim. A plaintiff cannot bootstrap a deficient statutory claim into a viable UCL cause of action.

Plaintiff's UCL claim depends entirely on alleged conduct that is either not actionable or not alleged at all; without a predicate violation or economic injury, the claim fails as a matter of law.

## CONCLUSION

WHEREFORE, Defendant Zwicker & Associates, P.C. respectfully requests that the Court dismiss the First Amended Complaint with prejudice, as the defects identified herein are legal in nature and cannot be cured by amendment.

Dated:  April 24, 2026

**BARRON & NEWBURGER, P.C.**

By: /s/  Regina M. Slowey
REGINA M. SLOWEY
Attorneys for Defendant
Zwicker & Associates, P.C.

-15-

BARRON & NEWBURGER, P.C.

BARRON & NEWBURGER, P.C.

-16-

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendant, Zwicker & Associates, P.C. certifies that this brief contains 2511 words, which complies with the word limit of L.R. 11-6.1

Dated:  April 23, 2026

**BARRON & NEWBURGER, P.C.**


By:  /s/  Regina M. Slowey
         REGINA M. SLOWEY
         Attorneys for Defendant
         Zwicker & Associates, P.C.

BARRON & NEWBURGER, P.C.

DEFENDANT                                                 Case No.  2:26cv2964
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

## CERTIFICATE OF SERVICE

I, Regina M. Slowey, do hereby certify that the MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) was served this 24th day of April, 2026, on all parties/counsel of record via the Court's ECF system.

Also served via email to:  Gilbert M. Lagac:  gillagac@gmail.com.

Dated:  April 24, 2026

**BARRON & NEWBURGER, P.C.**

By:  /s/  Regina M. Slowey
     REGINA M. SLOWEY
     Attorneys for Defendant
     Zwicker & Associates, P.C.

BARRON & NEWBURGER, P.C.

-18-

DEFENDANT
ZWICKER & ASSOCIATES P.C.'S MOTION TO DISMISS FAC

Case No.  2:26cv2964