UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02964-RGK-MAA | | Date | May 22, 2026 |
|---|---|---|---|---|
| Title | *Gilbert M. Lagac v. Capital One, N.A. et al.* | | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) Order Re: Defendant Capital One's Motion to Dismiss and Plaintiff's Motion to Remand [DEs 38, 46]

## I.    INTRODUCTION

On March 19, 2026, Gilbert M. Lagac ("Plaintiff") filed a First Amended Complaint ("FAC") in the Los Angeles County Superior Court against Capital One, N.A., successor by merger to Discover Bank ("Capital One"); Clarity Debt Resolution Inc. ("Clarity"); Wahib Joseph Al-Mashini ("Al-Mashini"); and Zwicker & Associates, P.C. ("Zwicker"). Plaintiff's claims arise from his engagement of debt settlement services that failed to resolve an outstanding debt, resulting in a collection action against him. Plaintiff asserts sixteen claims. Two of these claims invoke federal law, both of which are brought under 12 U.S.C. § 5531 of the Consumer Financial Protection Act ("CFPA"). On March 19, 2026, Capital One removed the case to this Court on the basis of federal question jurisdiction.

Presently before the Court are (1) Capital One's Motion to Dismiss the FAC and (2) Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** the Motion to Dismiss **in part** and **REMANDS** the case to state court for further proceedings. In light of this ruling, Plaintiff's Motion to Remand is **moot**.

## II.    FACTUAL BACKGROUND

The following facts are alleged in the FAC, unless otherwise noted:

On some unspecified date, Plaintiff incurred a debt owed to Discover Bank, which resulted in a collection action against him in state court. On December 12, 2023, Plaintiff entered into a "Customer Service Agreement" with Clarity for debt settlement services. During the settlement process, Clarity engaged in conduct that obstructed settlement negotiations and resulted in a breakdown of the settlement process. Subsequently, on February 24, 2025, Plaintiff contacted Zwicker, counsel for Discover Bank, in an effort to settle the debt directly. Discover Bank rejected the proposal and demanded terms Plaintiff could not afford.

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02964-RGK-MAA | Date | May 22, 2026 |
|---|---|---|---|
| Title | *Gilbert M. Lagac v. Capital One, N.A. et al.* | | |

The following day, Plaintiff filed an answer to Discover Bank's collection action. In his answer, Plaintiff described Clarity's fraud and potential sabotage of the settlement negotiations. Despite this notice and an April 2025 consent order requiring Discover Bank to implement enhanced oversight of third-party relationships, Discover Bank continued litigating the collection action without investigating or otherwise addressing the misconduct.

Additionally, although Discover Bank merged into Capital One, effective May 18, 2025, Zwicker continued litigating the collection action in the name of "Discover Bank" for approximately seven months, concealing the merger from both the state court and Plaintiff. Zwicker eventually moved to substitute Capital One as plaintiff in the collection action on December 30, 2025. During that same seven-month period, Capital One extended unsolicited credit offers to Plaintiff despite the pending collection action.

## III.    JUDICIAL STANDARD

### A.    Motion to Dismiss

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### B.    Motion to Remand

Under the federal removal statute, a defendant may remove any case over which a federal court has original jurisdiction from state court to federal court. 28 U.S.C. § 1441(a). Federal courts have

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-02964-RGK-MAA | Date | May 22, 2026 |
|---|---|---|---|
| Title | *Gilbert M. Lagac v. Capital One, N.A. et al.* | | |

original jurisdiction over civil claims arising under federal law. *Id.* § 1331. Upon removal, the defendant bears the burden of showing the federal court's jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

### A. Motion to Dismiss

Capital One asserts that all of Plaintiff's claims fail to adequately state a claim for relief. As discussed below, the Court finds that dismissal of Plaintiff's federal claim is warranted, and it need not address Capital One's challenge to the remaining state claims.

Plaintiff asserts claims against Capital One, Clarity, and Al-Mashini under 12 U.S.C. § 5531. This statute allows the Consumer Financial Protection Bureau to bring a claim against any person "committing or engaging in an unfair, deceptive, or abusive act or practice . . . in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service." 12 U.S.C. § 5531. The statute, however, expressly authorizes only the Consumer Financial Protection Bureau to bring a claim, and does not extend that right to private citizens. *See Williams v. Lobel Fin. Corp.*, 673 F. Supp. 3d 1101, 1106 (C.D. Cal. 2023) ("[T]he CFPA does not provide for a private right of action."); *Goziker v. Wells Fargo Bank, N.A.*, 2023 WL 8872294, at *7 (C.D. Cal. Oct. 17, 2023) (finding that 12 U.S.C. § 5531 "lack[s] . . . a private right of action" and collecting cases); *Diaz v. Argon Agency Inc.*, 2015 WL 7737317, at *3 (D. Haw. Nov. 30, 2015) (same). Because 12 U.S.C. § 5531 does not provide a private right of action, Plaintiff's federal claims against Capital One, Clarity, and Al-Mashini fail.[1] Further, because this deficiency cannot be cured by amendment, Plaintiff's federal claims are **DISMISSED with prejudice**.[2]

---

[1] Although this Motion to Dismiss has been brought by Capital One only, the Court addresses all of Plaintiff's federal claims because resolution of each turn on the same legal question: whether there is a private right of action under 12 U.S.C. § 5531. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981)("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

[2] The Court notes that Plaintiff's Opposition contains citations to several cases and quotations that do not appear to exist. "Although courts make some allowances for the pro se Plaintiff's failure to cite to proper legal authority, courts may not condone actions by a party who cites to false, nonexistent, or misleading authorities." *Meriland Keith Dillard v. CBS Studios, Inc.*, 2026 WL 790882, at *11 (C.D. Cal. Mar. 16, 2026) (internal quotation marks omitted). Plaintiff is reminded that all litigants, including those proceeding pro se, are expected to ensure the validity of all sources cited in their filings. *See* Fed. R. Civ. P. 11(b); *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.").

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-02964-RGK-MAA | Date | May 22, 2026 |
|---|---|---|---|
| Title | *Gilbert M. Lagac v. Capital One, N.A. et al.* | | |

Having dismissed all claims that provided grounds for removal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and **REMANDS** the case to state court for all further proceedings. 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (holding that a district court is not required to provide explanation when declining jurisdiction under 28 U.S.C. § 1367(c)(3)).

### B.    Motion to Remand

Having declined to exercise supplemental jurisdiction over Plaintiff's remaining claims, Plaintiff's Motion to Remand is rendered **moot**.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss the FAC [38] **in part**. The Court **DISMISSES with prejudice** all of Plaintiff's federal claims asserted in the FAC. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** the case to state court for further proceedings. In light of this ruling, Plaintiff's Motion to Remand [46] is **MOOT**. Accordingly, all other pending motions, hearings and deadlines are vacated.

**IT IS SO ORDERED.**

cc: LASC, 26STCV03308

_____        :  _____

Initials of Preparer        JRE/vc